UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DANIA CASTELLANO, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                         Plaintiffs, )
   vs. )
 
DYNAMIC MEDICAL SERVICES, INC., )
DENNIS NOBBE, )
 
                 Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME, MINIMUM WAGE VIOLATIONS, UNPAID WAGES, AND CLAIM FOR BREACH OF CONTRACT, AND CLAIM FOR UNJUST ENRICHMENT**

Plaintiff, DANIA CASTELLANO, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against Defendants, DYNAMIC MEDICAL SERVICES, INC., and DENNIS NOBBE, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff is a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant, DYNAMIC MEDICAL SERVICES, INC., is a corporation that regularly transacts business within Dade County.

4. The individual Defendant DENNIS NOBBE is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff DANIA CASTELLANO worked for Defendants as an administrator from on or about November 1995 through on or about July 30, 2018.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendants to

use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while Plaintiff worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016 and 2017.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $250,000 for the first six months of the year 2018 and is expected to exceed $500,000 for the year 2018.

14. From on or about April 1, 2018 through on or about July 30, 2018, Plaintiff worked an average of 47 hours a week for Defendants and was paid an average of $0.00 per hour and was not paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week based on Plaintiff's agreed to rate of pay of an average of $16.49 per hour.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these

wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-15 above and further state:

16. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than—$5.85 an hour…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

17. From on or about April 1, 2018, through on or about July 30, 2018, Plaintiff worked an average of 47 hours a week for Defendants. Plaintiff was paid nothing at all for said work in violation of the Fair Labor Standards Act as said payment of an average of $0.00 per hour did not meet

the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $0.00/hr and the applicable minimum wage rate for all hours worked.

18. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

19. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT III. UNPAID WAGES AS AN ALTERNATIVE TO COUNT II (UNPAID WAGES)

COME NOW PLAINTIFFS, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-19 above and further states:

20. This Court has jurisdiction for Plaintiffs unpaid wage claim as this is a claim for unpaid wages pursuant to Fla. Stat. § 448.08.

21. Plaintiff DANIA CASTELLANO orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $16.49 per hour.

22. From on or about April 1, 2018, through on or about July 30, 2018, Plaintiff worked approximately 47 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 47 hours that Plaintiff worked for Defendants at a rate of an average of $16.49 per hour.

23. As a direct proximate result of Defendants action, Plaintiffs have suffered damages.

24. Plaintiff DANIA CASTELLANO therefore brings a claim pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid for approximately 47 hours per week at the average rate of $16.49 per hour for the period of on or about April 1, 2018, through on or about July 30, 2018.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute § 448.08 as cited above, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by Florida Statute § 448.08 along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT IV. BREACH OF CONTRACT

COME NOW PLAINTIFFS, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-24 above and further state:

25. This Court has jurisdiction for Plaintiffs' breach of contract claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

26. Plaintiff DANIA CASTELLANO orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $16.49 per hour.

27. From on or about April 1, 2018, through on or about July 30, 2018, Plaintiff worked approximately 47 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 47 hours that Plaintiff worked for Defendants at a rate of an average of $16.49 per hour.

28. As a direct proximate result of Defendants action, Plaintiff suffered damages.

29. Plaintiff DANIA CASTELLANO therefore brings a claim of breach of contract for said unpaid wages for which Plaintiff was not paid for approximately 48 hours per week at the average rate of $16.49 per hour for the period of on or about April 1, 2018, through on or about July 30, 2018.

30. Plaintiff has performed all duties under the contract, and, as such, Defendants have breached the contract.

31. Defendants breached the contract with Plaintiff and, as a result, Plaintiff has been damaged.

32. Defendants remain owing Plaintiff the above-mentioned unpaid wages.

Wherefore, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of contract, demands judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with fees,

costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT V. UNJUST ENRICHMENT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-32 above and further states:

33. Plaintiff reasserts and re-allege paragraphs 25-32 above regarding Plaintiff's Claim for Breach of Contract (Count IV), as such facts also give rise to an action for unjust enrichment. Such facts which establish the breach, are also those which have resulted in unjust enrichment. Plaintiff seeks this claim in equity based on such facts, should it be determined Plaintiff cannot recover at law under a breach theory.

34. Due to the aforesaid facts (also relevant to Plaintiff's claim for breach of contract – Count IV), Plaintiff has conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continues to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for him and his business, because Defendants chose to maximize his and his business's profit.

35. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiffs conferred a benefit on Defendants which Defendants was legally responsible to pay for.

WHEREFORE, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands

judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                            Respectfully Submitted,

                                            J.H. Zidell, Esq.
                                            J.H. Zidell, P.A.
                                            Attorney For Plaintiff
                                            300 71st Street, Suite 605
                                            Miami Beach, Florida 33141
                                            Tel: (305) 865-6766
                                            Fax: (305) 865-7167
                                            Email: ZABOGADO@AOL.COM

                                            By:__/s/ J.H. Zidell_____
                                            J.H. Zidell, Esq.
                                            Florida Bar Number: 0010121